FULTON *v.* FULTON.

A demand of dower under ch. 205, sec. 2, of the Revised Statutes, is not vitiated by the fact that the demandant is entitled to dower in part only of the land described in it, or that of a part of it the defendant is not seized.

DOWER. The suit was for dower in certain land in Bradford. The demandant had, more than one month before the suit was brought, made her demand in writing, of the defendant, according to the provisions of ch. 205, sec. 2, of the Revised Statutes, therein describing the land precisely as afterward in her writ. It appeared that of a portion of the land the defendant was never seized; that other parts of it had been conveyed to the defendant by Robert Fulton, the husband of the demandant, by deeds in which she joined, releasing her dower; but that Robert Fulton was seized, during the coverture, of the remainder of the land described, amounting to about forty-one acres, and that of this the defendant was seized at the time the demand was made.

The question reserved for this court was whether, the de-

mand being entire, for the dower in the whole parcel, the demandant could in that suit recover her dower in the forty-one acres.

*Ayer*, for the demandant.

*Steele*, for the tenant.

WILCOX, J.   A plea denying a demand to assign dower is pleaded as a bar to the present action, but does not deny the demandant's title to dower.   Some question has been made whether a want of previous demand should not be pleaded in bar of the damages only.   But however this may be, a demand is no part of the demandant's title.   It is only required to apprise the tenant of the claim made upon him, and to give him an opportunity to investigate the claim, and assign dower without a suit, if he chooses.   It should, therefore, be made with reasonable certainty, so as to apprise the tenant of the claim that is made.

A demand of dower in all the lands whereof the husband was seized during coverture, or of all lands in which she had a right of dower, would not probably be sufficient.   But here she claims dower in the whole of " Lot 89," giving its boundaries.   That would undoubtedly be sufficient, if she was entitled to dower in the whole lot, and we think the demand is not vitiated by the fact that it appears that she is not entitled to dower in some portions of the lot, or by the fact that the defendant was not seized of a part of it.   The demandant might be mistaken about the extent of the tenant's title, or of her own.   That is no reason why she should not recover, so far as her title is sustained, and so far as the tenant is bound to assign her dower.   He has had reasonable notice of the claim.   He might ascertain, as well as the demandant, the true state of the title.   If he admitted her right in any part of his lands, he should have assigned the dower.   For her dower in the forty-one acres there should be

*Judgment for the demandant.*